TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MONICA E. RYAN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: monica.ryan@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Pedro Frammuel Salazar,<br>Defendant. | CR-24-2353-TUC-SHR-BGM<br><br>SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1. The matter is set for sentencing on May 1, 2025.

2. On April 17, 2024, the defendant attempted to exit the United States through the pedestrian lane at the DeConcini Port of Entry in the District of Arizona. Customs and Border Protection (CBP) officers stopped the defendant, who was walking with two other individuals: his co-defendant, Francisco Lopez-Enriquez, and a third individual who fled and was not apprehended by the officers. The officers observed a bulge protruding from the back of Lopez-Enriquez and both he and the defendant were escorted to a holding area, where a search of the defendant revealed a Glock 19 pistol in his waistband, and a search of Lopez-Enriquez revealed a Glock 43 in his waistband.

3. Law enforcement agents interviewed the defendant, who admitted that he and Lopez-Enriquez were taking the guns to Mexico to sell. The defendant admitted that they were recruited by someone on Telegram, and believed they would make approximately $1,000. The defendant explained that he had a large amount of debt due to traffic tickets and he needed to make money.

4. On May 1, 2024, a Tucson federal grand jury returned a two-count indictment against the defendant and Lopez-Enriquez, alleging: Smuggling Goods from the United States, in violation of 18 U.S.C. §§ 554(a) and 2 (Count 1); and Receipt of Firearms Used to Commit a Felony, in violation of 18 U.S.C. §§ 924(h) and 2 (Count 2). On January 30, 2025, the defendant pled guilty to Count 1 pursuant to a written plea agreement.

5. The government has reviewed the Probation Department's PSR (Doc. 72) and has no additions or corrections to the factual statements or criminal history calculations. The Probation Department correctly concludes that the defendant's guideline sentencing range is 10 to 16 months, based on a total offense level of 12 and criminal history category of I. The plea agreement includes a stipulation between the parties that any prison sentence shall not exceed the low-end of the advisory guidelines range. The Probation Department recommends a sentence of three years of Probation.

6. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

7. As detailed in the PSR, the defendant has expressed remorse for the crime he committed. The release status report prepared by the Pretrial Services Division of the Probation Department (Doc. 75), details the defendant's initial struggles with court

supervision, testing positive for marijuana and alcohol at the beginning of his supervision, but also notes that from July 30, 2024, to March 13, 2025, the defendant provided 23 drug tests, all of which returned negative for illegal substances and alcohol. Following his initiation of the intensive outpatient program at CBI ordered by the court following a positive drug test in March 2025, the defendant has remained compliant with all of his release conditions, including mental health treatment appointments. The defendant's youthfulness at the time of the offense (18 years old)[1], and lack of serious criminal history are additional mitigating factors for the Court to consider. In aggravation, the defendant attempted to smuggle a firearm into Mexico, a serious offense.

8. Accordingly, pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and sentence the defendant to three years of Probation, as recommended by the Probation Department.

Respectfully submitted this 28th day of April, 2025.

TIMOTHY COURCHAINE
United States Attorney

/s/ Monica E. Ryan

MONICA E. RYAN
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 28th day of April, 2025, to:

All ECF Participants

---

[1] The government agrees with the Probation Department that a downward departure may be warranted due to the defendant's age, as youthful offenders are more amenable to rehabilitation, but notes that the reference on page 15 of the PSR to the Policy Statement in Chapter 5 of the Sentencing Guidelines re: Age contains a typographical/numerical error, referring to the Policy Statement as §2H1.1, instead of §5H1.1.